

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MEGHAN A. CAVALIERI**
*Assistant Corporation Counsel*
Tel.: (212) 788-6405
Fax: (212) 788-9776

October 23, 2007

BY FAX WITH PERMISSION
Honorable Gerard E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**SO ORDERED**

_/s/ Gerard E. Lynch_
GERARD E. LYNCH, U.S.D.J.
10/24/07

Re: <u>Lendor, Henry v. City of New York, et al.</u>, 07 CV 07617 (GEL)(MHD)

Dear Judge Lynch:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and attorney for defendants City of New York ("City") and Raymond Kelly. I am writing with the consent of plaintiff's counsel, Nicole Bellina, Esq., to respectfully request: (1) an adjournment of the initial pre-trial conference currently scheduled for October 25, 2007, at 4:00 p.m. and (2) a thirty (30) day enlargement of time from October 29, 2007, until November 28, 2007, within which this office may answer or otherwise respond to the complaint. This is the first request made by this office for an enlargement of time in this action.

      The complaint alleges, inter alia, that plaintiff Henry Lendor was falsely arrested/imprisoned, subjected to excessive force and subjected to malicious prosecution. However, on information and belief the criminal charges against plaintiff, which are the subject of this action, may still be pending with the Kings County District Attorney's Office. In addition to the City of New York and Police Commissioner Raymond Kelly, the complaint purports to name James O'Connell and Omar B. Rackoff as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

      Moreover, the enlargement will allow us to make further inquiry into the status of plaintiff's underlying criminal case and ascertain whether the individually named defendants have been served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. The named defendants must then decide whether he/she wishes to be represented by this office. If so, we must obtain his/her written authorization.

Only after this procedure has been followed can we determine how to proceed in this case. <u>See</u> <u>Mercurio v. The City of New York et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting <u>Williams v. The City of New York et al.</u>, 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within requests extending the City and Raymond Kelly's time to answer the complaint until November 28, 2007 and a corresponding adjournment of the initial conference currently scheduled for October 25, 2007 to a later date convenient to the Court after defendants have answered the complaint.

Thank you for your consideration in this regard.

Respectfully submitted,

Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  VIA FACSIMILE
Nicole Bellina, Esq.
Stoll, Glickman and Bellina
71 Nevins Street
Brooklyn, NY 11217
Attorneys for Plaintiff
Fax: (718) 852-3586