UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HENRY LENDOR,

                         Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR JAMES
O'CONNELL, POLICE OFFICER OMAR B. RACKOFF,
SHIELD NO. 02492, POLICE OFFICERS JOHN AND
JANE DOE 1-5,

                         Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK, COMMISSIONER KELLY AND INSPECTOR O'CONNELL**

07 CV 07617 (GEL)(MHD)

Jury Trial Demanded

       Defendants, The City of New York, Police Commissioner Raymond Kelly, and Inspector James O'Connell[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to seek the relief as stated therein and that plaintiff purports to bring this action as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff was arrested on or about May 28, 2006.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

---

[1] On information and belief, the individual identified in the caption of the complaint as "Police Officer Omar B. Rackoff" has not been served with the complaint and is therefore not a defendant in this action.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action as stated therein and that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated herein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Raymond Kelly is employed by the City of New York as Police Commissioner.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that James O'Connell is employed by the New York City Police Department as a Inspector assigned to the 77th Precinct.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint concerning unidentified officers.

12. That the allegations set forth in paragraph "12" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller and that the matter has not been settled.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that police officers responded to a 911 call on or about May 28, 2006.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested on May 28, 2006.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint and its subparts.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants City of New York, Kelly and O'Connell have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New

York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the defendants City of New York, Kelly or O'Connell.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. At all times relevant to the acts alleged in the complaint, defendants City of New York, Kelly and O'Connell, and their agents and officials acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

60. Punitive damages cannot be recovered from defendant City of New York.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

61. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

62. Plaintiffs claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

63. To the extent applicable, there was reasonable suspicion to stop and detain plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

64. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

65. Defendants Kelly and O'Connell had no personal involvement in the incident alleged herein.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

66. Defendants Kelly and O'Connell have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** Defendants City of New York, Kelly and O'Connell request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 15, 2008

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
Attorney for Defendant City of New York,
Kelly and O'Connell
100 Church Street, Room 3-156
New York, New York 10007
(212) 788-6405

By: _____
Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   VIA ECF
      Nicole Bellina, Esq.
      Stoll, Glickman and Bellina
      Attorneys for Plaintiff
      71 Nevins Street
      Brooklyn, NY 11217

07 CV 07617 (GEL)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY LENDOR,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, DEPUTY INSPECTOR JAMES O'CONNELL, POLICE OFFICER OMAR B. RACKOFF, SHIELD NO. 02492, POLICE OFFICERS JOHN AND JANE DOE 1-5,

                        Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, RAYMOND KELLY, INSPECTOR JAMES O'CONNELL**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2008*

*................................................................ Esq.*

*Attorney for................................................................*